# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 23-CV-00316

| | |
|---|---|
| IN RE: STEPHEN ANTHONY NEARY, | Bankruptcy No. 20-10212-JGR |
| Debtor. | |
| KARI AND PATRICK HARRINGTON, JESSICA AND SHANE LARSON, AND ARTURO ORTIZ AND TIMA EFENDIC-ORTIZ | US District Court Case No. 23-CV-00316 |
| Appellants, | |
| v. | |
| STEPHEN ANTHONY NEARY, | |
| Appellee. | |

## MOTION TO STRIKE APPELLANTS' BRIEF

The Appellee, Stephen Anthony Neary ("Appellee"), by and through his attorneys, Kutner Brinen Dickey Riley, P.C., moves the Court for entry of an Order striking Appellants' Brief pursuant to Fed. R. Bankr. P. 8014 and 8020(b), and in

support thereof states as follows:

<u>Certificate of Conferral Pursuant to D.C.Colo.L.CivR 7.1(a)</u>

Undersigned counsel for the Appellee conferred with counsel for the Appellants by email on May 10.  On May 15, counsel for the Appellants responded advising that a further substantive response would be forthcoming.  To date, no further response has been received.

<u>Relief Requested</u>

1.      Appellants initiated the above captioned appeal with the filing of a Notice of Appeal and Statement of Election on February 1, 2023, appealing the Bankruptcy Court's Order dismissing an Adversary Proceeding with prejudice based on the Appellants' failure to provide any of the 195 exhibits designated by the Appellants' ahead of trial in the Adversary Proceeding.

2.      Appellants filed their Opening Brief on April 26, 2023.

3.      Pursuant to Fed. R. Bankr. P. 8014, an initial brief from an appellant must contain:

     a. A jurisdictional statement that includes the basis for the bankruptcy court's jurisdiction, the district court's jurisdiction, the filing dates of relevant documents, and the assertion that the appeal is from a final order or judgment;
     b. A statement of issues on appeal and the standard of review;
     c. A concise statement of the case;
     d. A summary of the argument;
     e. The argument, including contentions and the reason for such contentions, citations to authorities, and parts of the record;
     f. A short conclusion; and

g.  A certificate of compliance.

4.     The Appellant's Brief is woefully inadequate in meeting the requirements of Rule 8014.  While the Brief includes a jurisdictional statement and statement of issues on appeal and standard of review, it does not meet any of the other requirements under Rule 8014.

5.     Specifically, the statement of the case contains four subheadings but no additional information, no citations to the record, and no description of the background of the case.

6.     There is a heading for a summary of the argument, but no summary of the argument is actually contained under the heading.

7.     In the argument section, the Appellant includes one paragraph of legal authority under each of the two sections, but does not include any further argument or citations under the argument.  There is no further argument, no contentions or basis for any contentions, and no citations to the record or any factual basis for the appeal.

8.     Furthermore, the cases listed in the Table of Authorities do not appear in the brief, and the cases in the brief do not appear in the Table of Authorities.

9.     Similarly, the Certificate of Compliance appears to be from a different brief, as it states that the brief is 26 pages long, whereas the brief filed is only ten (10) pages, including the cover page, Table of Contents and Table of Authority.

10.     Courts in the Tenth Circuit have previously held that where a brief is

procedurally deficient, striking the brief is an appropriate remedy.  In *State Bank of S. Utah v. Beal*, Case No. 2:20-cv-00298-DBB, 2021 WL 1169659, 2021 U.S. Dist. LEXIS 58560, the court struck an appellant's opening brief when it failed to include a corporate disclosure statement, failed to include a complete jurisdiction statement, failed to include a specific standard of review, provided no summary of the argument, did not provide sufficient citations to the record, and failed to include a certificate of compliance. *Id.* at *2-3.

11.     Given the Appellants' extreme lack of compliance with the requirements of Fed. R. Bankr. P. 8014, striking the Appellants brief is appropriate.

WHEREFORE, the Appellee prays the Court make and enter an Order striking the Appellants' brief, and for such further and additional relief as to the Court may appear just and proper.

DATED this 23rd day of May.

                              Respectfully submitted,

                              */s/ Keri L. Riley*
                              Keri L. Riley #47605
                              **KUTNER BRINEN DICKEY RILEY, P.C.**
                              1660 Lincoln St., Suite 1720
                              Denver, Colorado 80264
                              Tel: (303) 832-2400
                              klr@kutnerlaw.com
                              *Attorneys for Stephen Anthony Neary*

## CERTIFICATE OF SERVICE

I do hereby certify that on the 23rd day of May 2023, I served a true and correct copy of the foregoing **MOTION TO STRIKE APPELLANT'S BRIEF** by United States first-class mail, postage prepaid thereon, or electronically through CM/ECF where indicated, to those persons listed below:

Joshua Brooks Sheade, Esq.
Sheade Law Office, LLC
ATTN: Joshua B. Sheade, Esq.
4126 Shoshone Street
Denver, CO 80211

*/s/Vicky Martina*
.